**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| KEN SHOOK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:11-CV-16-RWS |
| TOWNS COUNTY, GEORGIA, | : | |
| *et. al.,* | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case come before the Court on Defendants Towns County ("County"), Bill Kendall, and James Goodwin's Motion to Dismiss [9] and Defendant Robert Wilson's Motion to Dismiss [10]. After a review of the record, the Court enters the following Order.

## **Background[1]**

This case arises out of Plaintiff's purchase and development of a piece of property (the "Property"), which consisted of three tracts on Bugscuffle Road, Hiawassee, Towns County, Georgia. Comp, Dkt. No. [1] at 3. Tract 1 contained an existing house, and Plaintiff obtained building permits for the other two

---

[1]As this matter is before the Court on a motion to dismiss, the Court takes the factual allegations in the Complaint [1] as true. Cooper v. Pate, 378 U.S. 546 (1964).

tracts on or about May, 5, 2006. Id. at 4. Plaintiff commenced construction on Tract 3, the tract at issue, on October 10, 2006. Id.

Defendant James Goodwin issued a Stop Work Order on July 6, 2006, which was lifted on August 19, 2008 by a ruling of the Superior Court of Towns County declaring Stop Work Orders illegal. Id. Defendant Goodwin then informed Plaintiff in writing that the County would honor his building permits issued on May 5, 2006 provided Plaintiff complete the construction "within a reasonable time." Id. However, in August 2008, Defendant Robert Wilson denied Plaintiff a septic-tank permit to replace the system currently in place and, upon a second request by Plaintiff for a septic-tank permit, denied the permit again. Id. Also, on or about August 19, 2008, when Plaintiff had sufficiently completed construction on Tract 3 to qualify for permanent power, Defendant Goodwin refused to authorize any permanent electrical connection to the property and has since continued to refuse authorization. Id. at 4-5.

Plaintiff alleges that Defendant Wilson acted wrongfully and intentionally by denying the septic permit and that Defendant Goodwin acted unlawfully, wrongfully, and intentionally in refusing authorization of the electrical connection. Id. at 5. Plaintiff also alleges that Defendants' actions

2

have effectively deprived him of his "property or any use thereof" without due process of law and have "constructively taken" his property. Plaintiff appealed to the County building department, Defendant Commissioner Bill Kendall, Defendant Goodwin, Defendant Wilson, and twice served his Notice of Claim against the County, all to no success. Id. Plaintiff recognizes that he has not sought relief in the state courts, but only because "no state procedures exist to provide [him] with recourse to address the deprivation or property." Id. He alleges Defendants' actions violate his due process rights under the Fourteenth Amendment and his right to just compensation for a government taking under the Fifth Amendment. Id. at 6-7.

## Discussion

### I. Preliminary Matters

In his Complaint, Plaintiff grounds his claims against Defendant Robert Wilson on Wilson's wrongful and intentional denial of a septic tank permit to the Property. Cmpl., Dkt. No. [1] at 4. However, Plaintiff, in his Opposition Brief, states that "[h]e is not suggesting that any of the actions of the Defendants is a refusal of permits, zoning or any state created right. . . . Plaintiff is being totally denied any use of his property by the refusal of the Defendants

to grant him access to permanent power." Pl.'s Opp., Dkt. No. [14] at 6. Therefore, Plaintiff has specifically abandoned any claim based on the septic-tank-permit denial. Moreover, Plaintiff makes no allegations that Defendant Wilson, the Health Inspector of the Towns County Environmental Health Department, participated in decisions to grant power in any way, or that he specifically participated in the decision to not grant power to Plaintiff's Property. Therefore, all claims against Defendant Wilson are deemed **ABANDONED**.

II. Legal Standard

When considering a motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550

AO 72A
(Rev.8/82)

U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not [however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

III. Due Process Claims

Plaintiff has alleged due process claims predicated on Defendants' refusal to authorize an electrical connection to Plaintiff's property. Cmpl., Dkt. No. [1] at 6; Pl.'s Opp., Dkt. No. [14] at 6. The Due Process Clause of the Fourteenth Amendment states "nor shall any State deprive any person of life, liberty, or

5

property, without process of law." U.S. CONST. amend. XIV, § 1. The Eleventh Circuit has noted that:

> The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. Cf. Zinermon v. Burch, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990).  A violation of either of these kinds of protection may form the basis for a suit under [42 U.S.C. §] 1983. Id.

McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994). Plaintiff has alleged two due process claims–procedural and substantive.

### A. Procedural Due Process Claims

"To state a claim under §1983 for denial of procedural due process, an individual must show 'the state refuse[d] to provide a process sufficient to remedy the procedural deprivation.'" Mason v. Clayton Cnty. Bd. of Ed., 334 Fed. App'x 191, 193 (11th Cir. 2009) (quoting Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000)). "This rule . . . recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation." Cotton, 216 F.3d at 1331 (internal quotation omitted).

Here, Plaintiff has a sufficient state-law remedy that he has not yet pursued which precludes his federal cause of action. He may petition the Georgia courts for a writ of mandamus "to compel a due performance if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. Even assuming Plaintiff did exhaust all local remedies, he has not yet filed for mandamus to address the alleged access-to-power deprivation.

Further, while Plaintiff asserts he has no defined state remedy,[2] he still could have petitioned Georgia courts for a writ of mandamus. Indeed, that is the only situation in which the writ is proper. Id. As such, Plaintiff's procedural due process claim must fail, and this Court lacks subject matter jurisdiction as Plaintiff has not yet availed himself of the state-law system.

Therefore, Defendants' Motion to Dismiss is **GRANTED** as to all Plaintiff's procedural due process claims.

---

[2] If Plaintiff does not have "any clear legal right" to have power authorized or provided by the county, he has no due-process rights to be vindicated. East v. Clayton Cnty., No. 10-15749, 2011 WL 3279197, at *8 (11th Cir. Aug. 1, 2011) ("If [Plaintiff] did not have a legal right to [the remedy sought], as he suggests in his effort to bypass the mandamus requirement, he had no due-process rights to [the remedy sought] in the first place.") Therefore, taking Plaintiff's argument as true, his due process claim would still fail.

7

**B. Substantive Due Process Claims**

Defendants also move for summary judgment on Plaintiff's §1983 substantive due-process claim. Plaintiff first alleges in his Complaint that Defendant violated his substantive due-process rights by denying him a septic tank permit and grant of power to his property. Cmpl. Dkt. No. [1] at 3-4. However, as stated above, he now asserts that Defendants "totally denied [Plaintiff] any use of his property" solely by refusing to grant him access to permanent power. Id. This argument suggests Plaintiff is attempting to frame a substantive due-process violation in terms of a taking. However, the Eleventh Circuit has clarified there is no independent cause of action for such a claim. Villas of Lake Jackson, Ltd. v. Leon Cnty., 121 F.3d 610, 612 (11th Cir. 1997) ("There is no independent 'substantive due process *taking*' cause of action.") (emphasis added). Therefore, Plaintiff may only bring his takings claim under the Fifth Amendment as applied to the states through the Fourteenth Amendment, not independently under the due process clause. While it appears Plaintiff is only grounding his claim in a taking, the Court will still address any possible remaining substantive due-process arguments.

"The substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty," or, alternatively, "those rights created by the Constitution." Behrens v. Regier, 422 F.3d 1255, 1264 (11th Cir. 2005) (internal quotations omitted). The Supreme Court has determined that most of the rights enumerated in the Bill of Rights are fundamental as well as certain unenumerated rights, such as the right of privacy. McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994).

While the Supreme Court has deemed certain rights to be fundamental, "'the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this uncharted area are scarce and open-ended.'" Id. (quoting Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992)). "[A]reas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" Id. (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring)).

9

The Eleventh Circuit has held that the list of state-created rights includes land-use rights like zoning, revocation of land disturbance permits, and issuance of certificates of occupancy. See Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005) (zoning decisions implicate state-created land-use rights); Greenbriar Village, L.L.C., 345 F.3d at 1262 (the right to a land disturbance permit was through a state-granted property right); Dekalb Stone, Inc. v. Dekalb Cnty., 106 F.3d 956, 960 (11th Cir. 1997) (citing Boatman v. Town of Oakland, 76 F.3d 341, 346 (11th Cir. 1996) (issuance of a certificate of occupancy is a state-created land-use right)). Similarly, here, Plaintiff applied to the Official Building Inspector of Towns County, James Goodwin, for a permanent electrical-connection authorization. Cmpl., Dkt. No. [1] at 2, 3. The Court finds no reason to distinguish Plaintiff's claim from cases regarding issuance of permits or certificates, and finds that any remaining claims would be based on state-created land-use rights which are not protected by substantive due process.[3]

---

[3] Plaintiff also does not qualify under any exception. Where an individual's state-created rights are infringed by a legislative act, the substantive component of the Due Process Clause generally protects him from arbitrary and capricious action by the government. Id. (citing McKinney, 20 F.3d at 1557 n.9). However, Plaintiff's claims are based on the acts of a county official and directed solely at Plaintiff's property.

Therefore, Defendants' Motion to Dismiss is **GRANTED** as to all Plaintiff's substantive due process claims.

IV. Takings Claims

Plaintiff asserts a takings claim in violation of the Fifth Amendment, alleging that Defendants "wrongfully rendered the [P]roperty useless due to their refusal to allow electricity to be provided." Pl.'s Opp., Dkt. No. [14] at 7. A regulation "restricting the use of property may in some limited circumstances amount to a taking." Rymer v. Douglas Cnty., 764 F.2d 796, 800 (11th Cir. 1985). However, a property owner must show either that state law provides no process for obtaining just compensation, or that state law is inadequate due to state court interpretation. Agripost, Inc. v. Miami-Dade County ex rel. Manager, 195 F.3d 1225, 1231 (11th Cir. 1999). If the plaintiff cannot show either of these requirements, the case is not ripe and the court lacks subject matter jurisdiction over the claim. Id.

In Georgia, state law provides a process for obtaining just compensation for takings resulting from land-use decisions: claimants may bring an action for

---

Further, Plaintiff does not allege that any of Defendants' actions were legislative acts. Therefore, Plaintiff's claim to protect a state-created right cannot proceed under the exception to the state-created rights bar.

11

inverse condemnation. <u>James Emory, Inc. v. Twiggs Cnty.</u>, 883 F. Supp. 1546, 1556 (M.D. Ga. 1995); <u>Benton v. Savannah Airport Comm'n</u>, 525 S.E.2d 383, 386 (Ga. Ct. App. 1995). As discussed in Section III.B., a power-access denial is a land-use decision. Therefore, Plaintiff must pursue an inverse condemnation action in state court before the case is ripe for decision in this Court. As Plaintiff has not pursued such a claim, this claim is not ripe, and Defendants' Motion to Dismiss is **GRANTED** as to all Plaintiff's takings claims.

## Conclusion

Based on the foregoing, Defendants Towns County, Bill Kendall, and James Goodwin's Motion to Dismiss [9] is **GRANTED without prejudice** except as to Plaintiff's substantive due process claims, which are **GRANTED with prejudice**. All claims against Defendant Robert Wilson are deemed **ABANDONED**. Therefore, Defendant Wilson's Motion to Dismiss [10] is **GRANTED**. The Clerk is directed to close this case.

**SO ORDERED**, this __2nd__ day of November, 2011.

**RICHARD W. STORY**
United States District Judge